**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.G. EDWARDS JR., | No. FJ 02-0023 MMC |
|     Plaintiff, | **ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY PETITION SHOULD NOT BE DENIED** |
|     v. | |
| JOHN SKRABO, SKRABO LIVESTOCK, and SUNDOWN LAND AND CATTLE COMPANY, | |
|     Defendants.                       / | |

      Before the Court is plaintiff A. G. Edwards's ("Edwards") "Petition for Court Order to United States Marshall Service to Seize Sufficient Judgment Assets to Satisfy Judgment against Judgment Debtors Preston and Carolyn Butcher of Menlo Park and Foster City, CA., Surviving Debtors and Partners of Record Within Judgment Debtor Sundown Land and Cattle Company," filed April 4, 2011. Having reviewed the petition, the Court rules as follows.

      On March 24, 1993, Edwards, in the United States District Court for the Northern District of Nevada, obtained judgment against John Skrabo, Skrabo Livestock, and Sundown Land and Cattle in the amount of $182,180, with interest from the date of judgment of 3.21%. See Edwards v. Skrabo, CV-N-91-505-ECR (D. Nev. Mar. 24, 1993). On June 28, 2002, Edwards registered said judgment in the Northern District of California.

By the instant petition, Edwards seeks to enforce the judgment against Preston and Carolyn Butcher, individuals not named as defendants in the registered judgment, on the ground that they are the "sole surviving partners both of Sundown [Land and Cattle Company] and of [John Skrabo and Skrabo Livestock]." (See Petition at 2.)

In support of his petition, Edwards relies, without further elaboration, on "Federal Law." (See Pet. at 2.)  Under federal law, "[t]he procedure on execution [of a judgment] . . . must accord with the procedure of the state where the court is located . . . ." See Fed. R. Civ. P. 69(a)(1).  California Corporations Code section 16307 sets forth the circumstances under which the assets of a partner may be used to satisfy a judgment.  Pursuant to said statute, "[a] judgment against a partnership is not by itself a judgment against a partner." See Cal. Corp. Code § 16307(c).  "A judgment against a partnership may not be satisfied from a partner's assets when there is no judgment against the partner." See id.

Here, although Edwards, in his petition, refers to the Prestons as "Judgment Debtors" (see, e.g., Pet. at 1), the judgment was, in fact, obtained only against John Skrabo, Skrabo Livestock, and Sundown Land and Cattle.

Accordingly, plaintiff is hereby ORDERED TO SHOW CAUSE in writing, filed and served on Preston and Carolyn Butcher no later than July 1, 2011, why the instant petition should not be dismissed

**IT IS SO ORDERED.**

Dated:  June 13, 2011

MAXINE M. CHESNEY
United States District Judge

2