IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.G. EDWARDS, JR., | No. FJ 02-0023 MMC |
| Plaintiff, | **ORDER DENYING PETITION** |
| v. | |
| JOHN SKRABO, SKRABO LIVESTOCK, and SUNDOWN LAND AND CATTLE COMPANY, | |
| Defendants. / | |

On June 13, 2011, the Court ordered plaintiff A. G. Edwards, Jr. to show cause why his petition in the above-titled action should not be denied. (See Order to Show Cause, filed June 13, 2011.) Now before the Court is plaintiff's response thereto, titled "Fed R Civ Proc 5.1 Notice of Plaintiff [sic] Submission of State Constitutional Question to State of California Attorney General" ("Notice"), filed September 2, 2011.[1] Having read and considered plaintiff's response, the Court rules as follows.[2]

By the instant action, plaintiff seeks to enforce a judgment against Carolyn and

---

[1] Pursuant to Rule 5.1 of the Federal Rules of Civil Procedure, where a party files a pleading or other paper "drawing into question the constitutionality" of a state statute, such party must file a "notice of constitutional question" and serve said notice on the state attorney general. See Fed. R. Civ. P. 5.1(a).

[2] Although plaintiff's response was due no later than August 31, 2011 (see Order Granting Plaintiff's Petition for Enlargement of Time, filed July 5, 2011 (granting extension of time to respond to Order to Show Cause)), the Court nonetheless has considered plaintiff's late-filed Notice.

1  Preston Butcher, two individuals not named as parties thereto, on the ground said
2  individuals are the "sole surviving partners" of the partnerships against which he obtained
3  the subject judgment. (See Order to Show Cause at 1:24-2:4.) Because said individual
4  partners were not included in the registered judgment, the Order to Show Cause directed
5  plaintiff to show cause why enforcement against them is not precluded by section 16307(c)
6  of the California Corporations Code. (See Order to Show Cause at 2:5-18); see also Cal.
7  Corp. Code § 16307(c) (providing "[a] judgment against a partnership may not be satisfied
8  from a partner's assets when there is no judgment against the partner").

9  Apparently conceding section 16307(c) bars enforcement of the judgment as against
10 Carolyn and Preston Butcher, plaintiff asserts said statute is unconstitutional because it
11 allows "any confirmed [i]ndividual California [p]artnership [d]ebtor wrongfully to side-step
12 and escape his legitimate financial obligation incurred to an out-of state party." (See Notice
13 at 4.) Plaintiff cites no authority, and the Court has located none, in support of such
14 assertion, nor is any reason to question the constitutionality of section 16307(c) otherwise
15 apparent to the Court.

16 Accordingly, plaintiff's "Petition for Court Order to United States Marshall [sic]
17 Service to Seize Sufficient Judgment Assets to Satisfy Judgment against Judgment
18 Debtors Preston and Carolyn Butcher of Menlo Park and Foster City, CA., Surviving
19 Judgment Debtors and Partners of Record Within Judgment Debtor Sundown Land and
20 Cattle Company," filed April 4, 2011, is hereby DENIED.

21 **IT IS SO ORDERED.**

22
23 Dated: September 30, 2011

MAXINE M. CHESNEY
United States District Judge

2